# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JOHNATHAN WALTERS**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 6414 |
| **TRANSUNION LLC**, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pro se prisoner plaintiff Johnathan Walters ("Walters") has just filed an action against Transunion LLC, asserting a violation of its obligation under the Fair Credit Reporting Act (the "Act") to provide him with a free consumer credit report despite his numerous requests for such a report. For that purpose Walters has utilized the Clerk's-Office-supplied form of Complaint primarily designed for use by persons in custody, with Complaint ¶ IV setting out his Statement of Claim in detail, and he has supported that statement with several confirmatory exhibits. Walters has also completed and tendered other Clerk's-Office-supplied forms: first, an In Forma Pauperis Application ("Application"), with the trust fund account statement called for by 28 U.S.C. § 1915(a)(2)[1] attached, and second, a pair of documents (Dkt. No. 5 and 6) respectively titled "Motion for Recruitment of Counsel" and "Motion for Appointment of Counsel" (collectively the "Motion," treated as a singular noun for convenience).

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

As directed by Section 1915(b)(1), this Court has determined that the average monthly deposits to Walters' trust fund account for the six-month period immediately preceding the filing date of his Complaint[2] amounted to $107.10, 20% of which (id.) is $21.42. Accordingly Walters is assessed an initial partial filing fee of $21.42, and the trust fund officer at the Dixon Correctional Center ("Dixon," where Walters is in custody) is ordered to collect that amount from Walters' trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at Dixon (or at any other correctional facility where Walters may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Walters' name and the 16 C 6414 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Dixon trust fund officer.

Next, this Court has determined that Walters' submissions on the subject of designated counsel meet the operative standards for that purpose, so it grants the Motion and has obtained the name of this member of this District Court's trial bar to represent him:

---

[2] In that respect Walters has also provided a notarized form that identifies June 16 as the "filing" date under the "mailbox rule" prescribed by Houston v. Lack, 487 U.S. 266 (1988).

Daniel Joseph Adler, Esq.
Adler Law Firm P. C.
1616 West Jefferson Street
Joliet, Illinois 60435
Phone: 815-744-5300
Fax: 815-744-6947
E-mail: danadlerlaw@comcast.net.

Finally, this Court is contemporaneously issuing its customary initial scheduling order. In the interim attorneyAdler will be expected (1) to confer with Walters, in part to determine whether an amended complaint should be filed to replace Walters' pro se pleading, and (2) to arrange for service on the defendant.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 24, 2016